UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICOLE C.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C20-5885-MLP

ORDER

## I.     INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing the medical evidence, and in discounting her subjective allegations and the lay statements.[1] (Dkt. # 15 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

//

//

---

[1] Plaintiff also assigns error to the ALJ's assessment of her residual functional capacity ("RFC") and the step-five findings, but in doing so only reiterates arguments made elsewhere. (Dkt. # 15 at 16-17.) Thus, this assignment of error need not be addressed separately.

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1989, has two years of college education, and has worked as a cashier, dog trainer, housekeeper, office manager, bookkeeper, and pet care specialist. AR at 302. Plaintiff was last gainfully employed in November 2016. *Id.* at 301.

In December 2016, Plaintiff applied for benefits, alleging disability as of November 21, 2016. AR at 275-76. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 167-69, 171-75. After the ALJ conducted hearings in August and November 2018 (*id.* at 50-136), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 30-43.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

Step one: Plaintiff did not engage in substantial gainful activity between her alleged onset date and her date last insured ("DLI").

Step two: Through the DLI, Plaintiff had the following severe impairments: psoriasis, psoriatic arthritis, dermatitis, hidradenitis suppurativa, fibromyalgia, irritable bowel syndrome ("IBS"), major depressive disorder, and anxiety.

Step three: Through the DLI, these impairments did not meet or equal the requirements of a listed impairment.[3]

RFC: Through the DLI, Plaintiff could perform sedentary work with additional limitations: she could not climb ladders, ropes, or scaffolds, or crawl. She could occasionally climb stairs and ramps, balance, stoop, kneel, and crouch. She could frequently handle and finger bilaterally. She could be occasionally exposed to vibration and temperature and humidity extremes. She could occasionally use foot controls bilaterally. She required ready access to a bathroom. She could understand, remember, and apply detailed but not complex instructions and not in a fast-paced production-type environment.

Step four: Through the DLI, Plaintiff could not perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff could perform through the DLI, Plaintiff is not disabled.

---

[2] 20 C.F.R. § 404.1520.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

AR at 30-43.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 6.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

ORDER - 3

## IV. DISCUSSION

### A. The ALJ Did Not Err in Assessing the Medical Opinion Evidence

Plaintiff contends that the ALJ erred in assessing certain medical opinion evidence, and the Court will address each disputed opinion in turn.

#### 1. Legal Standards[4]

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

#### 2. W. Michael Rogers, Psy.D.

Dr. Rogers performed a psychological examination of Plaintiff in February 2017 and wrote a narrative report describing her symptoms and limitations. AR at 507-10. Dr. Rogers' medical source statement reads:

> The claimant appears to have the capacity to reason and to understand. Memory functioning seems grossly intact, with deficits to immediate recall. She reports that both concentration and persistence are limited; she used her fingers on the Serial 7s subtest. Interpersonally, the claimant comes across as somewhat dependent; she is cooperative. She reports heavy assistance from her husband insofar as completing [activities of daily living]. The claimant's current level of adaptation seems guarded-to-moderate.

*Id*. at 510. The ALJ found that Dr. Rogers' opinion is entitled to some weight because it "does not give more specific abilities in terms [of] work activities, but insofar as it constitutes an

---

[4] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 apply to the ALJ's consideration of medical opinions.

opinion and suggests the claimant has some difficulty in mental functioning, it is supported by the medical record . . . However, such evidence does not suggest limitations greater than found in this decision." *Id*. at 41.

Plaintiff argues that the ALJ erred in ascribing some weight to Dr. Rogers' opinion but failing to fully account for the limitations he described (dkt. # 15 at 3), but Plaintiff has not shown that Dr. Rogers' opinion is inconsistent with the ALJ's RFC assessment. The ALJ found that Plaintiff was limited to performing detailed (not complex) tasks not in a fast-paced environment (AR at 36), and Dr. Rogers did not specify any limitations that are necessarily inconsistent with that RFC assessment. Furthermore, Plaintiff does not challenge the ALJ's reason for discounting Dr. Rogers' opinion, namely its inconsistency with other evidence in the record. Accordingly, the Court finds that Plaintiff has failed to establish error in the ALJ's assessment of Dr. Rogers' opinion.

### 3. *Miscellaneous Medical Findings*

Plaintiff devotes a portion of her brief to summarizing various medical findings. (Dkt. # 15 at 3-9.) This portion of Plaintiff's brief does not identify any particular error in the ALJ's decision and need not be discussed further.

### 4. *State Agency Opinions*

The State agency psychological consultants opined that *inter alia* Plaintiff was limited to performing simple, routine tasks with 1-3-step instructions. AR at 147-48, 162-63. The ALJ discounted the State agency opinions because the consultants did not have access to the entire record, which showed Plaintiff to be less restricted than the consultants found. *Id*. at 41 (referencing normal findings listed earlier in the decision (*id*. at 440, 507-10, 628-45, 666, 668, 698, 711, 759, 765)). Although Plaintiff contends that the ALJ failed to provide a legitimate

reason to discount the State agency opinions, such reasons are not required: an ALJ may discount a non-examining provider's opinion with specific reference to the medical record, as the ALJ did here. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) ("The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record."). The normal mental status examination findings are inconsistent with the concentration deficits described by the State agency consultants, and Plaintiff has not shown that the ALJ erred in discounting the State agency psychological opinions on that basis.

Plaintiff also challenges the ALJ's crediting of the State agency physical opinions, arguing that the consultants did not have access to the entire record and their findings were inconsistent with evidence they did not review. (Dkt. # 15 at 9.) Indeed, the ALJ considered these opinions in light of the entire record and found that Plaintiff was more restricted in some ways than the State agency opinions indicated, and less restricted in other ways. AR at 40-41. Plaintiff has not shown that the ALJ erred in assessing the State agency physical opinions.

### B. The ALJ Did Not Err in Discounting Plaintiff's Subjective Allegations

The ALJ summarized Plaintiff's subjective allegations and explained that he discounted them because: (1) the objective medical evidence does not corroborate Plaintiff's allegations of disabling limitations; (2) Plaintiff's physical symptoms improved with treatment, and Plaintiff had limited mental health treatment; (3) Plaintiff's allegations of mental limitations were inconsistent with the many normal findings throughout the record; and (4) Plaintiff did not report the limited activities to her providers that she claimed when applying for benefits. AR at 36-40. Plaintiff contends that these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

First, Plaintiff contends that the ALJ erred in citing a lack of corroboration in the objective evidence, because this reason alone cannot support the ALJ's discounting of Plaintiff's allegations. (Dkt. # 15 at 10-11.) But, as outlined above, the ALJ provided additional reasons to discount Plaintiff's testimony, and did not solely rely on a lack of corroboration.

Next, Plaintiff argues that the ALJ failed to explain why the medical evidence fails to corroborate or contradicts her allegations. (Dkt. # 15 at 11.) The ALJ pointed to many normal findings suggesting normal functioning, however, and pointed to evidence that Plaintiff's skin conditions, IBS, and pain improved with treatment. AR at 38-40. These reasons support the ALJ's assessment of Plaintiff's allegations. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability.").

The ALJ also cited normal mental findings, and noted that Plaintiff took antidepressants for only a short time and engaged in therapy for only a matter of months, and inferred from this evidence that her mental limitations were not as limiting as alleged. AR at 39-40. This reasoning is legally sufficient. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("The ALJ is permitted to consider lack of treatment in his credibility determination.").

Lastly, the ALJ contrasted the medication side effects that Plaintiff alleged with the treatment record describing those side effects, as well as discrepancies in how Plaintiff described

her daily activities in her benefits application compared with how she described them to providers. AR at 40. Such inconsistencies further support the ALJ's assessment of Plaintiff's allegations. *See, e.g.*, *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (ALJ may consider a claimant's inconsistent or non-existent reporting of symptoms).

Plaintiff raises conclusory challenges to the ALJ's reasoning, contending that her symptoms were not "significantly ameliorat[ed]" by treatment (dkt. # 15 at 12), but she does not identify any particular evidence showing which limitations persisted and were not accounted for. She also claims that the ALJ failed to consider her explanation for why she did not seek additional mental health treatment, but does not identify any evidence establishing the existence of such an explanation. (*Id.*) Likewise, Plaintiff argues that the ALJ failed to consider the side effects of her medication, and asserts that the ALJ's discussion of her side effects (AR at 40) was not supported by substantial evidence (dkt. # 15 at 12), but fails to cite any evidence supporting this allegation. Lastly, Plaintiff argues that her failure to report limited daily activities to her providers is not a convincing reason to discount her testimony (*id.*), but does not explain why the ALJ erred in relying on this inconsistency. These conclusory arguments are insufficient to establish error in the ALJ's decision. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (declining to address assertions unaccompanied by legal arguments: "We require contentions to be accompanied by reasons.").

Because Plaintiff has failed to meet her burden to show that the ALJ's reasons to discount her allegations were unreasonable, unsupported by substantial evidence, or otherwise legally insufficient, the Court affirms this portion of the ALJ's decision.

### C. The ALJ Did Not Err in Discounting the Lay Statements

The ALJ considered statements written by Plaintiff's friend, mother, husband, and sister. AR at 37 (citing *id*. at 311-22, 401-06). The ALJ found the statements to be inconsistent with the medical record, which showed that Plaintiff's "impairments have been managed with medication and some therapy." *Id*. at 37. The ALJ gave only "some weight" to the lay statements. *Id*.

Plaintiff argues that the ALJ's reasoning is not germane, as required in the Ninth Circuit. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness."). According to Plaintiff, the lay statements are fully consistent with the medical evidence, which shows that her "'impairments have been managed with medication and some therapy.'" (Dkt. # 15 at 15 (quoting AR at 37).) Plaintiff apparently agrees with the ALJ's characterization of the medical record, but does not go on to explain the basis for the ALJ's error. The ALJ found that the medical record contradicted the lay witnesses' description of Plaintiff's disabling limitations because it showed that Plaintiff's conditions improved with treatment, and this is a germane reason to discount the lay statements. *See Bayliss*, 427 F.3d at 1218.

### V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED**, and this case is **DISMISSED** with prejudice.

Dated this 29th day of June, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 9